IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FRANK LLOYD WRIGHT FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>GERALD SHMAVONIAN,<br><br>Defendant. | Case No. 18-cv-06564-MMC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

Before the Court is plaintiff's Motion for Default Judgment, filed June 21, 2019. Defendant, although served with the motion, has not filed opposition. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

The Court, for the reasons stated by plaintiff (see Pl.'s Mot. at 5:25-7:20, 8:1-20, 9:21-15:17), finds plaintiff is entitled to judgment in its favor as to its Claim for Relief; specifically, the complaint contains facts sufficient to show defendant has engaged in trademark infringement and unfair competition by using plaintiff's marks to advertise defendant's home for rental for special events. The Court next considers the remedies to which plaintiff is entitled.

At the outset, plaintiff seeks to recover "damages" in the form of defendant's profits. (See id. at 16:5); see also 15 U.S.C. § 1117(a) (providing prevailing plaintiff in trademark infringement action is entitled to recover "defendant's profits"). To be entitled to such a remedy, plaintiff has "the burden of establishing the defendant's gross profits from the infringing activity with reasonable certainty." See Lindy Pen Co. v. Bic Pen

---

[1] By order filed July 12, 2019, the Court took the matter under submission.

1  Corp., 982 F.2d 1400, 1407 (9th Cir. 1993)  Here, plaintiff asserts defendant's gross
2  profits can be calculated by multiplying the number of special events held at plaintiff's
3  property by the price he charged for each such event, which profits, as calculated by
4  plaintiff, total $209,920.  (See Pl.'s Mot. at 16:8-21.)  Although the Court finds the formula
5  proposed by plaintiff is appropriate, the Court finds the evidence submitted by plaintiff
6  demonstrates with reasonable certainty that defendant's gross profits were $36,000,
7  based on nine events for which defendant charged a rate of at least $4000.  (See Ikahifo-
8  Bender Decl. Ex. A, third page (referring to nine weddings held at defendant's property);
9  id. Ex. A, seventeenth page (stating "rental fee . . . starts at $4,000").)[2]

Second, plaintiff seeks an award of attorney's fees and costs.  The Court, for the reasons stated by plaintiff (see Pl.'s Mot. at 17:4-19, 17:23-26), finds plaintiff is entitled to recover the attorney's fees it reasonably incurred.  Having thoroughly reviewed the copies of the invoices offered by plaintiff, the Court finds said invoices establish the amount of fees incurred is $31,933.34.  As to said sum, a significant majority of the entries on the invoices adequately describe the nature of the work, thereby allowing the Court to determine the fees attributable thereto correspond to work reasonably performed.  A number of entries, however, are vague as to the nature of the work performed, including, but not limited to, a $100 charge for "Correspondence re trademark action" (see Ikahifo-Bender Decl. Ex. B, eighth page), a $50 charge for "Case strategy" (see id. Ex. B, eleventh page), and a $150 charge for "Work on Shmavonian matter" (see id. Ex. B, twenty-first page).  Under such circumstances, the Court will award plaintiff the sum of $28,740.00, i.e., the amount set forth in the invoices less 10 percent.  See Moreno v. City of Sacramento, 534 F.3d 1106, 1122 (9th Cir. 2008) (holding "district court can

---

[2]"Once the plaintiff demonstrates gross profits, they are presumed to be the result of the infringing activity," and "[t]he defendant thereafter bears the burden of showing which, if any, of its total sales are not attributable to the infringing activity, and, additionally, any permissible deductions for overhead."  See Lindy Pen, 982 F.2d at 1408.  Here, as defendant did not file a response to the instant motion, he has not met his burden, and, consequently, the gross profits established by plaintiff are properly awarded.

2

impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation"). In addition, the Court will award plaintiff the costs it incurred, as "costs of the action" are properly awarded to a prevailing plaintiff in a trademark infringement case, see 15 U.S.C. § 1117(a), and the amount plaintiff seeks, specifically, $1307.50, consists of the required filing fee and expenses necessary to effectuate service of process (see Ikahifo-Bender Decl. Ex. B).

Next, plaintiff seeks post-judgment interest on the monetary award, which request is appropriately granted. See 28 U.S.C. § 1961(a) (providing "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court").

Lastly, plaintiff seeks a permanent injunction prohibiting defendant from continuing to use plaintiff's trademarks and directing GoDaddy.com, a non-party that plaintiff asserts hosts defendant's website, to remove defendant's website from its servers. The Court, for the reasons stated by plaintiff (see Pl.'s Mot. at 18:9 – 19:15), finds plaintiff is entitled to a permanent injunction as against defendant; the terms of said injunction are set forth below. With respect to GoDaddy.com, however, the Court declines to issue the requested injunction, as plaintiff "provides no authority showing that such an order enjoining [a] third part[y] not before the Court would be proper." See Sigma Enterprises, LLC v. Alluring Deals, LLC, 2017 WL 10439659, at *9 (C.D. Cal. November 15, 2017).

**CONCLUSION**

For the reasons stated above, plaintiff's motion for default judgment is hereby GRANTED, as follows:

1. Plaintiff is awarded judgment against defendant in the total amount of $66,047.50, comprising damages (defendant's profits) in the amount of $36,000.00, attorney's fees in the amount of $28,740.00, and costs in the amount of $1307.50. The judgment shall accrue interest in the manner set forth in 28 U.S.C. § 1961.

2. Defendant, his agents, associates, affiliates, employees, attorneys, successors, assigns, and any and all persons or entities in concert or participation with him shall be and hereby are permanently enjoined and restrained from:

a. using the phrase THE FRANK LLOYD WRIGHT ESTATE or any derivative thereof or any other mark or designation that is confusingly similar or likely to cause confusion with the name "Frank Lloyd Wright" or any of plaintiff's trademarks; and

b. operating any website domain using the name "Frank Lloyd Wright" or any derivative thereof, or otherwise using plaintiff's trademarks or any mark that is confusingly similar or likely to cause confusion with plaintiff's trademarks.

**IT IS SO ORDERED.**

Dated: July 29, 2019

MAXINE M. CHESNEY
United States District Judge